GIBSON, DUNN & CRUTCHER LLP
FREDERICK BROWN, SBN 65316,
FBrown@gibsondunn.com
MICHAEL B. SMITH, SBN 235764,
MSmith@gibsondunn.com
ENRIQUE A. MONAGAS, SBN 239087,
EMonagas@gibsondunn.com
One Montgomery Street
Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendant
TESSERA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICONWARE PRECISION INDUSTRIES CO., LTD., a China Corporation, and SILICONWARE U.S.A., INC., a California corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>TESSERA, INC., a Delaware corporation,<br><br>            Defendant.<br>-----------------------------------------------------------<br>TESSERA, INC., a Delaware corporation,<br><br>            Counterclaimant,<br><br>    v.<br><br>SILICONWARE PRECISION INDUSTRIES CO., LTD., a China Corporation, and SILICONWARE U.S.A., INC., a California corporation,<br><br>            Counterdefendants. | CASE NO. CV 08-03667 RS<br><br>**TESSERA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Tessera, Inc. ("Tessera"), by and through its undersigned counsel, hereby files its Answer to the Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiffs Siliconware Precision Industries Co., Ltd. and Siliconware U.S.A., Inc. (collectively, "Siliconware"), admitting, denying, or otherwise averring as follows:

**A.    NATURE OF ACTION**

1.    Answering Paragraph 1, Tessera admits that Siliconware purports to seek declaratory relief under 35 U.S.C. § 271 et seq. regarding non-infringement and invalidity of United States Patent No. 5,663,106 ("'106 patent"), and that a copy of the '106 patent is attached as Exhibit A to the Complaint. Except as so admitted, Tessera denies the allegations in Paragraph 1.

**B.    PARTIES**

2.    Answering Paragraph 2, Tessera admits that, to the best of Tessera's information and belief, Siliconware Precision Industries Co., Ltd. is a corporation incorporated in the Republic of China with its principal place at No. 123, Sec. 3, Da Fong Road, Tantzu, Taichung, Taiwan, Republic of China.

3.    Answering Paragraph 3, Tessera admits that, to the best of Tessera's information and belief, Siliconware U.S.A., Inc. is a U.S. subsidiary of Siliconware Precision Industries Co., Ltd. with its principal place of business at 1735 Technology Drive, #300, San Jose, California 95110.

4.    Answering Paragraph 4, Tessera admits that it is a Delaware corporation with its headquarters and principal place of business in San Jose, California.

**C.    JURISDICTION**

5.    Answering Paragraph 5, Tessera states that the allegations set forth in Paragraph 5 constitute legal conclusions by Plaintiffs, for which no response is required.

**D.    VENUE**

6.    Answering Paragraph 6, Tessera states that certain allegations set forth in Paragraph 6 constitute legal conclusions by Plaintiffs, for which no response is required. Tessera admits that, to the best of Tessera's information and belief, Siliconware U.S.A., Inc. has its principal place of business within this District. Tessera further admits that, to the best of its information and belief,

Siliconware is responsible for placing products that infringe the '106 patent within the stream of commerce such that those products are imported into the United States and flow into California and this District. Tessera admits that it has shared this belief with attorneys for Siliconware in connection with proceedings pending against Siliconware in the United States International Trade Commission. Except as so admitted, Tessera denies the allegations in Paragraph 6.

7. Answering Paragraph 7, Tessera states that certain allegations set forth in Paragraph 7 constitute legal conclusions by Plaintiffs, for which no response is required. Tessera admits that Tessera markets and licenses its patent portfolio within this jurisdiction, and that jurisdiction is proper in *Tessera, Inc. v. Advanced Micro Devices, Inc., et al., Case No. C 05-04063 CW*. Tessera further states that the instant action is related to that case, and should be assigned to the Hon. Claudia Wilken. Except as so admitted, Tessera denies the allegations in Paragraph 7.

**E.    FACTUAL BACKGROUND**

8. Answering Paragraph 8, Tessera admits that on September 2, 1997, the United States Patent Office duly and properly issued Patent No. 5,633,106 (the "106 patent"). Tessera further admits that the '106 patent is entitled "Method of Encapsulating Die and Chip Carrier" and that Tessera, Inc. is the assignee.

9. Answering Paragraph 9, Tessera admits that on July 30, 2008, Tessera informed Plaintiffs that Tessera intended to move to add the '106 patent to the pending International Trade Commission Investigation entitled *In the Matter of Certain Semiconductor Chips with Minimized Chip Package Size and Products Containing Same (IV), ITC Inv. No. 337-TA-64* ("the 649 Investigation"). Except as so admitted, Tessera denies the allegations in Paragraph 9.

10. Answering paragraph 10, Tessera admits that the parties are involved in two separate patent actions: the '649 Investigation pending before the International Trade Commission, and a pending patent infringement case in United States District Court in the Northern District of California, Case. No. 05-4063 CW, before the Honorable Claudia Wilken, which has been stayed in favor of pending investigations before the International Trade Commission. Tessera further admits that any claims for patent infringement based the '106 patent relate to the patents before the ITC and

1  the district court because they are related to the same devices, same patent family, and same subject
2  matter.  Except as so admitted, Tessera denies the allegations in Paragraph 10.

3      11.    Answering Paragraph 11, Tessera states that it lacks knowledge or information
4  sufficient to form a belief as to the allegations in Paragraph 11.

5      12.    Answering Paragraph 12, Tessera admits that Siliconware purports to seek a
6  declaratory judgment "that Siliconware's packaging services do not infringe Tessera's '106 patent."
7  Except as so admitted, Tessera denies the allegations in Paragraph 12.

8      13.    Answering Paragraph 13, Tessera admits that Siliconware purports to seek a
9  declaratory judgment that "Tessera's '106 patent is invalid as being anticipated and/or obvious under
10 the prior art as the accused technology existed more than one year before the application for the '106
11 patent was filed."  Except as so admitted, Tessera denies the allegations in Paragraph 13.

**F.     CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment: Non-Infringement)**

15      14.    Answering Paragraph 14, Tessera incorporates herein by reference its responses to
16 paragraphs 1 through 13, above.

17      15.    Answering Paragraph 15, Tessera admits that Siliconware purports to seek a
18 declaration that "Siliconware has not infringed the '106 patent by making, using, offering to sell,
19 selling, or importing any product in or into the United States and that no claim of the '106 patent may
20 be interpreted to encompass any Siliconware process that [*sic*] either literally or under the doctrine of
21 equivalents."  Except as so admitted, Tessera denies the allegations in Paragraph 15.

22      16.    Answering Paragraph 16, Tessera admits that Siliconware purports to seek a
23 declaratory judgment "declaring the '106 patent to be not infringed by Siliconware, and granting
24 Siliconware all other declaratory relief to which it may be entitled."  Except as so admitted, Tessera
25 denies the allegations in Paragraph 16.

26 ///
27 ///
28 ///

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment: Invalidity of '106 Patent)

17. Answering Paragraph 17, Tessera incorporates herein by reference its responses to paragraphs 1 through 16, above.

18. Answering Paragraph 18, Tessera admits that Siliconware purports to seek a declaratory judgment "declaring that claims of the '106 patent are invalid." Except as so admitted, Tessera denies the allegations in Paragraph 18.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

**G. RESPONSE TO PRAYER FOR RELIEF**

WHEREFORE, Tessera denies that Plaintiffs are entitled to any judgment against them in any sum or sums whatsoever, costs or attorneys' fees, to equitable relief of any nature whatsoever, or to the various other relief requested.

19. Tessera denies that Plaintiffs are entitled to the relief requested in Paragraph A.

20. Tessera denies that Plaintiffs are entitled to the relief requested in Paragraph B.

21. Tessera denies that Plaintiffs are entitled to the relief requested in Paragraph C.

22. Tessera denies that Plaintiffs are entitled to the relief requested in Paragraph D.

**H. RESPONSE TO JURY DEMAND**

23. Tessera denies that Plaintiffs are entitled to a trial by jury.

## SEPARATE AND ADDITIONAL DEFENSES

24. By way of further defenses, Tessera asserts the following, which apply to each and every claim asserted in the Complaint unless otherwise stated. By virtue of alleging these further defenses, Tessera does not assume any burden of proof, persuasion or production not otherwise legally assigned to it.

## FIRST DEFENSE

25. The Complaint fails to state a claim for which relief may be granted.

///

///

**SECOND DEFENSE**

26. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**COUNTERCLAIMS**

**(Jury Trial Demanded)**

Defendant and Counterclaimant, Tessera, Inc., referred to herein as "Tessera," hereby alleges for its Counterclaim against Plaintiffs and Counterdefendants Siliconware Precision Industries Co., Ltd. and Siliconware USA Inc. (together, "Siliconware"), as follows:

**A.    INTRODUCTION**

1. Tessera is a global leader in the development of semiconductor packaging technology. Semiconductor packages serve as the electrical interface between semiconductor chips and the systems in which they operate. They also protect the delicate chips from damage, contamination, and stress resulting form repeated heating and cooling. Tessera's technology allows companies around the world to meet the growing demand for smaller, faster, and more reliable electronic products, including cutting-edge medical devices and critical military defense components. The United States Patent and Trademark Office has awarded Tessera several hundred patents that reflect its innovation and protect the company's investment in the technology it has developed.

2. Dozens of semiconductor manufacturers and packaging companies such as Intel, Texas Instruments, Sony, Toshiba, Hitachi, Matsushita, Sanyo, Samsung, Micron, and Infineon have taken licenses to Tessera's patented technology. The rights granted by Tessera under its patents enable companies like Ericsson, Sony, and Dell to continue to shrink the size of cell phones and PDAs, and to develop the fastest workstations, PCs, servers and other electronic products on the market today. Tessera's technology also enables defense contractors such as General Dynamics, as well as government agencies and the U.S. Army, to advance our nation's homeland defense and military preparedness. Tessera's patented innovations have already been incorporated into billions of semiconductors including ASICs, DRAM, DSPs, flash memory, and SRAM sold in the United States and throughout the world.

3.     Regrettably, unlike the many licensed companies that have behaved responsibly and respected Tessera's United States patents, Counterdefendants have chosen to disregard Tessera's rights. They have made, and continue to make, extensive and profitable use of Tessera's patented advances without fairly compensating Tessera. Tessera has accordingly been forced to bring this action.

**B.     PARTIES**

4.     Counterclaimant Tessera is a Delaware corporation that maintains its principal place of business at 3099 Orchard Drive, San Jose, California 95134.

5.     Counterdefendant Siliconware Precision Industries Co., Ltd. is a corporation incorporated in the Republic of China with its principal place at No. 123, Sec. 3, Da Fong Road, Tantzu, Taichung, Taiwan, Republic of China.

6.     Counterdefendant Siliconware U.S.A., Inc. is a U.S. subsidiary of Siliconware Precision Industries Co., Ltd. with its principal place of business at 1735 Technology Drive, #300, San Jose, California 95110.

**C.     JURISDICTION AND VENUE**

7.     This Counterclaim arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq.* The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. §§ 1331 and 1338.

8.     Personal jurisdiction exists generally over Counterdefendants because they have minimum contacts with this forum as a result of business regularly conducted within the State of California and within this District, including maintaining sales offices and sales personnel in California and participating in distribution networks wherein Counterdefendants place products that infringe Tessera's patents within the stream of commerce such that those products are imported into the United States and flow into California and this District, and by committing the tort of patent infringement within California and this District.

9.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). This case is related to *Tessera, Inc. v. Advanced Micro Devices, Inc., et al., Case No. C 05-04063 CW*, and should be assigned to the Hon. Claudia Wilken.

**D.     PATENT AT ISSUE**

10.     On September 2, 1997, United States Patent No. 5,663,106 ("the '106 patent"), entitled "Method of Encapsulating Die and Chip Carrier," was duly and legally issued to Tessera, Inc. with Konstantine Karavakis, Thomas H. Distefano, John W. Smith, Jr., and Craig Mitchell as inventors.  By assignment, Tessera is the owner of all right, title and interest in the '106 patent.  A copy of the '106 patent is attached to this Complaint as Exhibit A.

## FIRST COUNTERCLAIM

### (Infringement of the '106 Patent)

11.     Tessera repeats and realleges the allegations of paragraphs 1 through 10 inclusive, of the Counterclaims.

12.     In violation of 35 U.S.C. § 271, Counterdefendants are now, and have been, infringing, contributorily infringing, and/or inducing infringement of the '106 patent by, among other things, making, using, offering to sell, selling, and/or importing without authority or license from Tessera products made by a process patented in the United States, including semiconductor chips having laminate-based ball grid array packages and modules containing semiconductor chips having laminate-based ball grid array packages.

13.     Unless enjoined, Counterdefendants will continue to infringe the '106 patent, and Tessera will suffer irreparable injury as a direct and proximate result of Counterdefendants' conduct.

14.     Tessera has been damaged by Counterdefendants' conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

**E.     PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Tessera respectfully requests that this Court enter judgment against each of the Counterdefendants as follows:

A.     Plaintiffs take nothing by their Complaint.

B.     Plaintiffs' Complaint be dismissed in its entirety with prejudice;

C.     A declaratory judgment be entered adjudging that the '106 patent is valid and enforceable;

D. A declaratory judgment be entered adjudging that each of the Counterdefendants has infringed, contributorily infringed, and/or induced infringement of the '106 patent;

E. An injunction entered against each Counterdefendant preventing further infringement, contributory infringement, and/or induced infringement of the '106 patent;

F. An award of damages entered against each Counterdefendant adequate to compensate Tessera for the patent infringement that has occurred, together with pre-judgment interest and costs;

G. An award of all other damages entered against each Counterdefendant permitted by 35 U.S.C. § 284;

H. Judgment be entered that this is an exceptional case and an award to Tessera of its costs and reasonable attorney fees incurred in this action as provided by 35 U.S.C. § 285; and

I. Such other relief as this Court deems just and proper..

**F.   DEMAND FOR JURY TRIAL**

Tessera hereby demands a trial by jury on all issues triable to a jury.

DATED: September 5, 2008

GIBSON, DUNN & CRUTCHER LLP

By:_____
        Michael B. Smith

Attorneys for Defendant
TESSERA, INC.

100500932_1.DOC